BEATY *against* BEATY.

A creditor, who has the body of his debtor in execution, cannot be a petitioning creditor under the insolvent act; nor is he entitled to apply to a judge for an assignment of the debtor's estate, under the 9th section of the act. (Sess. 36. c. 98. s. 9. 1 *N. R. L.* 460—464.)

BILL stated, that the complainant was imprisoned on a *ca. sa.*, issued in favor of the defendant, on a judgment at law; that he had an estate, real and personal, much more than sufficient to pay the judgment. That he owed no other debt than that on which he was imprisoned. That the recovery *against him was in an action of slander, and that the execution had been stayed by order of the Supreme Court as to the costs. That having been imprisoned on execution, for 60 days, and upwards, the defendant had made application to the recorder of the city of *Albany*, under the 9th section of the insolvent act, of the 12th of *April*, 1813, to compel an assignment of his estate; and the creditors were called on to show cause on the 11th inst. The bill prayed for an injunction to stay the proceedings before the recorder.

*April* 10th.

[ * 431 ]

*Crary*, for the plaintiffs, moved for the injunction, and cited 1 *Str.* 653.

THE CHANCELLOR. It was decided by Lord Ch. *King*, in *Burnaby's* case, (*Str.* 653.) that the creditor who has the body of his debtor in execution, cannot be a petitioning creditor under the bankrupt law. This case, afterwards, received the sanction of the K. B. in *Cohen* v. *Cunningham*, (8 *Term Rep.* 123.) It was there decided, as founded in principle and in law, that a judgment creditor, who has taken his debtor in execution, has made his election, and is bound by it, and cannot, afterwards, sue out a commission of bankrupt against him for the same debt. This has become the settled rule in chancery. (*Ex parte Cundall*, 6 *Vesey*, 446. *Ex parte Arundel*, 18 *Vesey*, 231.) Lord *Kenyon* said, it would be an anomalous case for a creditor who has made his election to proceed against the body, to be able, by his own act, to change the nature of his execution, and pursue his debtor's property. I am satisfied with the solidity and equity of this principle, and I think it ought to be applied to this case, which is very analogous. Though the words of the act are general, and speak of *any creditor*,

[ * 432 ]

yet those words may easily be supposed to have intended any creditor *other than the one who has charged the debtor in execution,* for there is not any *provision in the 9th section that seems to apply particularly to such a creditor. I shall, therefore, under my present impression, suffer the injunction to go.

Injunction granted.